# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:12-CR-100 |
| | § | Judge Crone |
| | § | |
| ARMANDO MEDINA GONZALEZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion for Suppression of Evidence (Dkt. #26). Having considered the relevant pleadings, the Court is of the opinion that the motion should be denied.

## BACKGROUND

Defendant seeks to suppress any and all evidence discovered after the execution of a search warrant on March 30, 2012, including marijuana, a Ruger, New Model Blackhawk. .357 caliber revolver, plastic baggies, 30 pills of hydrocodene, and asserted ammunition. Defendant asserts that the information submitted in the search warrant affidavit was false and misleading. Specifically, Defendant asserts that the affidavit contains the following false or misleading statements: (1) Paragraph 3 of the search warrant stated residence was controlled by Defendant Gonzalez, when residence was owned and controlled by his father, Armando Gonzalez, Sr.; (2) Paragraph 5.2 of the search warrant states a suspect sold marijuana to a confidential informant and was followed to 3228 Santa Fe Street, Melissa, Texas, but no evidence presented shows the suspect was Defendant or that the suspect resided at 3228 Santa Fe Street; (3) during trash pulls no mail was recovered addressed to Defendant, with the exception of a corner of a handwritten letter to whom law enforcement states

appears to be Armando Gonzalez.

On October 9, 2012, Defendant filed his Motion for Suppression of Evidence (Dkt. #26). On October 30, 2012, the Government filed its response (Dkt. #27). Neither side requested a hearing on the motion.

## ANALYSIS

Defendant requests that the Court independently review the State of Texas Search Warrant and review the "four corners" of the affidavit for search and arrest warrant and that after reviewing this information, find the affidavit for the search warrant insufficient and find that no good faith exception applies.

When considering the validity of a search warrant, the Court engages in a two-step inquiry: (1) the Court must determine whether the good-faith exception to the exclusionary rule applies; and (2) then the Court must determine whether the warrant was supported by probable cause. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003); *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993); *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The Court need not reach the question of probable cause if the good-faith exception applies, and the case does not involve a "novel question of law." *Payne*, 341 F.3d at 399; *Laury*, 985 F.2d at 1311; *Satterwhite*, 980 F.2d at 320. Since this case does not appear to present a novel question of law, the Court should initially address the good-faith issue.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court concluded "that evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *Satterwhite*, 980 F.2d at 320 (citing *Leon*, 468 U.S. at 922-23). The good-faith exception does not apply under any one of four situations: (1) the issuing magistrate was misled by

an affiant who knowingly, or with reckless disregard for the truth, provided the affidavit on which the magistrate relied; (2) the magistrate wholly abandoned his judicial role and acted as part of the law enforcement team; (3) the law enforcement officer relied on a warrant based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable; and (4) the warrant itself was so facially deficient that the executing officers could not have reasonably relied on its validity. *United States v. Cherna*, 184 F.3d 403, 407-08 (5th Cir. 1999). The initial burden is upon the Defendant to establish that the officers were not protected by the *Leon* good faith exception to the exclusionary rule. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

Defendant argues that the good-faith exception does not apply, because "the issuing magistrate was misled by an affiant who knowingly, or with reckless disregard for the truth, provided the affidavit on which the magistrate relied." *Cherna*, 184 F.3d at 407-08. To suppress evidence "because a warrant omitted or mischaracterized relevant information, [the Fifth Circuit] has determined such an error must be shown to have been knowingly and intentionally made or [ ] made in reckless disregard for the truth." *United States v. Torres*, 346 F. App'x 983, 989 (5th Cir. 2009) (quoting *United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991)); *see also United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980) ("a proven misstatement can vitiate an affidavit only if it is established that the misstatement was the product of 'deliberate falsehood or of reckless disregard to the truth.'").

After reviewing the affidavit and the briefing, the Court cannot agree with Defendant that any inaccuracy in the affidavit was intended to knowingly or recklessly mislead the magistrate. Sergeant Bundick ("Bundick") provided the reviewing judge pertinent information based upon his knowledge and investigation of the case. Bundick explained that on February 10, 2012, a confidential informant ("CI") purchased marijuana from a suspect who was then followed to the Santa Fe address.

According to the CI, after the transaction, the suspect still possessed a large amount of marijuana. On March 6, 2012, Bundick received information from the Anna Police Department that "Mondo" was engaged in drug activity from the same residence. The suspect was also believed to supply heroin to his girlfriend, Tara Roach ("Roach").

On March 21, 2012, Bundick conducted a trash pull at the residence and located marijuana seeds, zip-lock baggies that smelled like marijuana, other drug paraphernalia consistent with the use of marijuana, mail addressed to Arturo Gonzalez, and part of a letter addressed to a name that appeared to be Defendant. On March 28, 2012, another trash pull was conducted. Packaging and plastic wrap containing marijuana were found. In the affidavit, Bundick provided the criminal histories for the persons he reasonably believed to be in control of the residence based on the information provided and recovered during his investigation. Although Defendant contends that the affidavit contains false or misleading information, this assertion is not supported by the facts. Moreover, Defendant has not presented anything to demonstrate that Bundick made any attempts to mislead the judge. The Court does not agree with Defendant that the statements in the affidavit were intended to misled the judge.

Defendant next asserts that the warrant in this case was based upon an affidavit so lacking any indicia of probable cause that official belief in its existence would be unreasonable and that the state judge was mislead by the affiant.[1]

"When a warrant is supported by more than a 'bare bones' affidavit, officers may rely in good faith on the warrant's validity." *Satterwhite*, 980 F.2d at 321 (citations omitted). A "bare-bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances

---

[1] Defendant does not address his arguments under the framework of exceptions to the good-faith exception. The Court addresses Defendant's arguments under the first and third exceptions because, in the opinion of the Court, Defendant's arguments most logically apply to those exceptions.

from which a magistrate can independently determine probable cause." *Id.* (citations omitted).

In the opinion of the Court, the affidavit is not "bare bones" and provides sufficient details to establish probable cause to believe that illegal narcotics activity was occurring at the residence. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (describing "bare bones" affidavits as those in which the affiant merely declares his belief that unlawful activity is occurring without providing any facts from which a judicial officer can independently assess the likelihood that the affiant's belief is correct). The affidavit was not "bare bones" and provided a sufficient factual basis to enable the magistrate to make a meaningful probable cause determination. *Laury*, 985 F.2d at 1311 (quoting *Satterwhite*, 980 F.2d at 321).

The officers executing the warrant relied upon a facially valid search warrant which contained sufficient probable cause for the search. Further, the totality of the circumstances described in the affidavit provided the judge with sufficient information to conclude that there was a fair probability that evidence of a crime would be found at Defendant's residence.

In conclusion, because the good-faith exception applies, the Court need not address whether the magistrate had a substantial basis for finding probable cause, because this case does not present a novel question of law. *Payne*, 341 F.3d at 399; *Laury*, 985 F.2d at 1311; *Satterwhite*, 980 F.2d at 320.

## RECOMMENDATION

The Court recommends that Defendant's Motion for Suppression of Evidence (Dkt. #26) be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 20th day of November, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE