# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:12-CR-00100- |
| § | SDJ-KPJ |
| ARMANDO MEDINA GONZALEZ (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Armando Medina Gonzalez's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 5, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Tom Gibson.

Defendant was sentenced on July 2, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C Felony. This offense carried a statutory maximum imprisonment term of 10 years. The original guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 120 months. Defendant was subsequently sentenced to 105 months imprisonment, followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, GED requirement, and a $100 special assessment. On April 17, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On February 25, 2021, the case was reassigned to The Honorable Sean D. Jordan of the Eastern District of Texas.

On June 3, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #53, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant shall refrain from any unlawful use of a controlled substance; (3) <u>Standard Condition</u> Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) <u>Standard Condition</u> Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (5) <u>Special Conditions</u> Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as Defendant is released from the program by the probation officer (Dkt. #53 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On December 29, 2020, Defendant was arrested by the Brownsville, Texas Police Department and charged with Theft > $100 < $750, a Class B misdemeanor in violation of Texas Penal Code § 31.03. According to the arrest report, Defendant was observed stealing merchandise from the store Five Below which had a total value of $106.90. Defendant was released on bond, and the charge is pending in Cameron County, Texas; (2) On April 21, 2021, Defendant was instructed during a telephone call to report to the U.S. Probation Office the following day to submit a urine sample. Defendant admitted to his supervising officer during the call that he had used marijuana a few days prior; however, Defendant failed to report and submit the sample as directed; (3) Defendant failed to report to the U.S. Probation Office as directed on April 22, 2021; (4) Defendant failed to attend substance abuse treatment sessions as directed for the months of January, February, March, and

April 2021; and (5) Defendant failed to submit a urine sample as directed on April 22, 2021. (Dkt. #53 at pp. 1–2).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 2, 3, 4, and 5 of the Petition. Having considered the Petition and the plea of true to allegations 2, 3, 4, and 5, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no term of supervised release to follow. The court also recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 7th day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE